UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 17, 2021

MEMORANDUM TO COUNSEL RE:   KVC Waffles Ltd. v. New Carbon Company, LLC
Civil Action No. GLR-20-195

Dear Counsel:

Pending before the Court is Defendant New Carbon Company, LLC's ("New Carbon") Motion for Leave to File Counterclaims (ECF No. 34). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will deny the Motion.

This case arises from a distribution agreement between New Carbon and Plaintiff KVC Waffles Ltd. ("KVC Waffles"), under which KVC Waffles agreed to serve as the exclusive distributor of New Carbon's Golden Malted products in the United Kingdom, Ireland, and parts of France.[1] (Compl. ¶¶ 10, 15, ECF No. 1). Broadly speaking, the Complaint alleges that New Carbon breached the parties' distribution agreement by attempting to unilaterally impose unfavorable terms on KVC Waffles and terminating the agreement after KVC Waffles refused. (Oct. 22, 2020 Mem. Op. ["Mem. Op."] at 1–5, ECF No. 17).

On January 22, 2020, KVC Waffles filed suit against New Carbon alleging breach of contract and related torts. (ECF No. 1). On March 2, 2020, New Carbon filed a Motion to Dismiss. (ECF No. 13). KVC Waffles filed an Opposition on March 16, 2020. (ECF No. 14). New Carbon filed a Reply on June 22, 2020. (ECF No. 16). The Court denied the Motion to Dismiss on October 22, 2020. (ECF Nos. 17–18). New Carbon then filed an Answer on November 5, 2020. (ECF No. 21). Following a teleconference with the parties, the Court entered a Scheduling Order providing the parties until January 20, 2021, to amend their pleadings. (Nov. 16, 2020 Order ["Sched. Order"] at 1, ECF No. 25). The Order set April 30, 2021 as the deadline for fact discovery. (Id.).

On April 28, 2021, two days before the close of fact discovery, New Carbon filed the instant Motion for Leave to File Counterclaims (ECF No. 34). KVC Waffles filed an Opposition on May 12, 2021. (ECF No. 37). New Carbon filed a Reply on May 26, 2021. (ECF No. 45).

New Carbon asserts that it intends to file counterclaims "to recover the value of the product and services it provided to [KVC Waffles] that [KVC Waffles] never paid for." (Mem. Supp. Mot. Leave File Countercls. ["Mot."] at 1, ECF No. 34-1). Specifically, "New Carbon's proposed

---

[1] Additional facts are set forth in detail in the Court's October 22, 2020 Memorandum Opinion denying New Carbon's Motion to Dismiss. (See Oct. 22, 2020 Mem. Op. ["Mem. Op."] at 1–5, ECF No. 17).

counterclaim simply seeks payment on four unpaid invoices," which New Carbon notes "have been produced in this litigation" and about which KVC Waffles has been on notice since February 2017. (Id. at 2). In total, New Carbon seeks damages totaling $111,358.93, plus interest accruing at 1.5 percent per month. (Proposed Am. Answer & Countercls. ["Prop. Countercls."] at 11–13, ECF No. 34-2). New Carbon states that although it "has already asked [KVC Waffles'] deponents about the issues involved in the claim," if KVC Waffles wishes to conduct "additional discovery regarding the counterclaims, New Carbon will not object to such discovery on timeliness grounds[.]" (Id.).

New Carbon explains that "some of the information required to perfect the claim came through discovery, including the deposition of [KVC Waffles'] director, Sotirios Nikolopulos, that occurred on April 20, 2021." (Id. at 3). According to New Carbon, although KVC Waffles had previously denied that any amount was past due, the Nikolopulos deposition revealed that KVC Waffles' defense was not credible. (Id.). Specifically, although KVC Waffles had claimed "that New Carbon's accounts were mistaken and later claim[ed] that New Carbon had not properly 'applied discounted prices to KVC Waffles' account,'" Nikolopulos revealed in his deposition "that no 'discount' applied to the invoices at issue." (Id.).

KVC Waffles notes that New Carbon was aware of the alleged nonpayment at least as early as February 6, 2017, when New Carbon wrote to KVC Waffles to notify it of the outstanding invoices and seek payment. (See Feb. 6, 2017 Letter from J. Crowley ["2017 Letter"] at 1, ECF No. 34-4). KVC Waffles adds that New Carbon included as an affirmative defense in its Answer that it "is entitled to set off any award to [KVC Waffles] against funds due and owing to New Carbon." (Answer at 9, ECF No. 21). KVC Waffles further notes that New Carbon failed to reference any potential counterclaims in response to an interrogatory asking for it to state "any and all damages [it] may claim in this matter[.]" (Opp'n Mot. Leave File Countercls. ["Opp'n"] at 3, ECF No. 37).

Because discovery has closed, granting New Carbon's Motion would require amending the Scheduling Order. Pursuant to Federal Rule of Civil Procedure 16, this can be done "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); Hunt Valley Baptist Church, Inc. v. Balt. Cnty., Md., No. ELH-17-804, 2019 WL 3238950, at *4 (D.Md. July 17, 2019) ("[W]hen a movant fails to satisfy Rule 16(b), the court need not consider Rule 15(a).")

"The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant. Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D.Md. 2002) (internal quotation marks and citation omitted); see also Wonasue v. Univ. of Md. Alumni Ass'n, 295 F.R.D. 104, 107 (D.Md. 2013) (stating that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'") (internal quotation marks and citation omitted). This Court has held that the following additional factors may be considered in determining whether there is good cause: "the danger of prejudice to the non-moving party, the length of delay and its potential impact

on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." Tawwaab v. Va. Linen Serv., Inc., 729 F.Supp.2d 757, 768–69 (D.Md. 2010) (internal quotation marks, footnote, and citation omitted).

KVC Waffles argues that New Carbon's Motion should be denied because New Carbon has failed to demonstrate good cause for its delay in seeking to amend its pleadings.[2] For the reasons explained below, the Court agrees.

New Carbon first argues that "any delay was caused by KVC's vague and inaccurate claims that it did not owe on the disputed invoices." (Reply Supp. Mot. Leave File Countercls. ["Reply"] at 1, ECF No. 45). But this position is fatuous—virtually all defendants in this Court deny the validity of the plaintiffs' claims against them. The assertion that a filing delay is justified because the opposing party disputes the merits of the filing carries no weight with this Court.

New Carbon next argues that good cause exists for the delay in light of this Court's decision in Tawwaab v. Virginia Linen Service, Inc., 729 F.Supp.2d 757 (D.Md. 2010), which held that "a finding of 'good cause' is justified under Rule 16(b) where at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." Id. at 768. Similarly, New Carbon cites to Abitu v. GBG, Inc., No. PWG-17-8, 2018 WL 2023557 (D.Md. May 1, 2018), for the concept that belated amendment may be justified where a plaintiff does not learn of evidence needed to support a claim until after a deposition. Id. at *3.[3] Thus, according to New Carbon, because Nikolopulos revealed evidence needed to prove its counterclaims during his deposition, the Court should find good cause for amending the Scheduling Order.

The instant case is distinguishable from Tawwaab and Abitu. In Tawwaab, the plaintiffs explained that a deposition had revealed critical facts concerning the relationship between a defendant company and another company they sought to join in the lawsuit. For instance, well after the joinder and amendment deadline had passed, the Tawwaab plaintiffs learned information concerning the shared ownership, operational overlap, and comingling of funds between the two companies. 729 F.Supp.2d at 770. Similarly, the deposition in Abitu revealed that inspections on a certain machine were occurring weekly, rather than daily, as required. 2018 WL 2023557, at *3. In this case, however, New Carbon was demonstrably aware of the outstanding invoices that form the basis for its proposed counterclaims years before the Nikolopulos deposition—indeed, well before this litigation was even commenced. This is demonstrated by the February 6, 2017 letter New Carbon attaches to its Motion, in which it puts KVC Waffles on notice of the outstanding invoices and seeks immediate payment. (See 2017 Letter at 1). New Carbon also referenced the

---

[2] Alternatively, KVC Waffles argues that New Carbon is not entitled to leave to amend under Federal Rule of Civil Procedure 15 because permitting the amendment at this time would cause undue delay, KVC Waffles would be prejudiced by the amendment, and New Carbon acted in bad faith. Because the Court will deny New Carbon's Motion under Rule 16(b), the Court declines to consider these Rule 15(a) considerations. See Hunt Valley Baptist Church, 2019 WL 3238950, at *4.

[3] The Court notes that the motion to amend in Abitu was ultimately denied on other grounds. See id. at *4.

existence of outstanding amounts in its Answer by stating that it "is entitled to set off any award to [KVC Waffles] against funds due and owing to New Carbon." (Answer at 9).

Moreover, the new evidence New Carbon references in its Motion—Nikolopulos' alleged admission that "no 'discount' applied to the invoices at issue"—does not appear to this Court to be particularly illuminating. In the deposition transcript provided by New Carbon, Nikolopulos and counsel for New Carbon go on at some length discussing certain discounts referenced in the disputed invoices. (Nikolopulos Dep. Tr. ["Nikolopulos Tr."] at 141:8–147:6, ECF No. 34-6). In the excerpted transcript, Nikolopulos offers confusing and potentially contradictory statements concerning the deadlines for timely payment and for certain early payment discounts applicable to the invoices at issue. (Id.).

In the Court's view, Nikolopulos' disjointed and confusing testimony contains little that could represent the "evidence needed for" New Carbon to prove its claim. Indeed, it appears that the only novel information Nikolopulos provided—outside of confirming the text of invoices that were already in New Carbon's possession—was his assertion that New Carbon actually had fifty days rather than thirty days to remit payment. (Id.). In other words, the excerpted testimony appears to primarily relate to payment deadlines, not discounted payments. And apart from the conclusory sentence in its Motion about how Nikolopulos' deposition made "clear that no 'discount' applied to the invoices at issue," New Carbon does not provide an explanation in its Motion regarding how Nikolopulos' testimony supports its counterclaims or why his testimony was "needed" for its counterclaims to move forward. Thus, the Court finds that New Carbon has failed to show "that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner." See NH Special Events, LLC v. Franklin Exhibits Mgmt. Grp., LLC, 2020 WL 6063482 at *2 (D.Md. Oct. 14, 2020) (citing Montgomery v. Anne Arundel Cnty., Md., 182 F.App'x 156, 162 (4th Cir. 2006)). Accordingly, the Court finds that New Carbon has not shown good for cause its delay in seeking amendment and will deny its Motion.

For the foregoing reasons, New Carbon's Motion for Leave to File Counterclaims (ECF No. 34) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge